FILED
SUPERIOR COURT
OF GUAM

2014 FEB -7 AM 11: 2?

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT
## OF GUAM

GOVERNMENT OF GUAM, the GUAM ENVIORNMENTAL PROTECTION AGENCY, and the GUAM ATTORNEY GENERAL, )

    Plaintiffs / Counterclaim-defendants, )

        v. )

CYFRED, LTD., a Guam corporation, )

    Defendant / Counterclaim-defendant )

_____ )

CYRED, LTD, a Guam corporation, )

    Crossclaim-plaintiff, )

        v. )

GOVERNMENT OF GUAM and the GUAM WATERWORKS AUTHORITY, )

    Counterclaim-Defendants )

CIVIL CASE NO.: CV0384-06

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Guam Waterworks Authority's discovery objections and motion for protective order was taken under advisement on December 30, 2013. Guam Waterworks Authority (hereafter GWA) is represented by attorney Samuel J. Taylor. Cyfred, LTD. (hereafter Cyfred) is represented by attorney Curtis C. Van De Veld. Having considered the papers, pleadings and file herein, the Court now enters an order GRANTING GWA's motion.

# BACKGROUND

The Guam Attorney General on behalf of the Government of Guam and the Guam EPA filed a complaint on April 4, 2006, against Defendant Cyfred, Ltd., a Guam Corporation for failure to pay for and build infrastructure in compliance with a condition of its application for a subdivision of Lot 10102-17 thereby causing the contamination of Guam's largest water resource, namely, the Guam Northern Aquifer.

On February 5, 2007, GWA filed its objections to Cyfred's discovery requests and motion for protective order. GWA objects to all of Cyfred's requests for discovery asserting that they contain 188 requests for admission, 224 separate interrogatories, and 418 requests for production of documents. Generally GWA argues that the requests are excessive and burdensome and asserts that they would take at least two weeks to answer. GWA asserts that because it was not named as a party to the defamation counterclaim any questions relating to defamation are unduly burdensome.

Specifically and for demonstrative purposes Plaintiff objects to the relevancy of Cyfred's request for admission #184, which asks whether the General Manager for Nissan is Caucasian. It further argues that the simplicity of the case does not merit extensive discovery and that GWA has neither the staff nor resources to prepare or complete them. GWA concludes by arguing that the discovery requests violate the good faith requirement of Rule 11 of the Guam Rules of Civil Procedure.

Cyfred filed its opposition to GWA's motion on April 11, 2007. In it GWA asserts that its discovery requests are related to its counterclaims for breach of contract and defamation. It asserts that it is its belief that GWA breached its contract improperly for reasons of race. It further asserts that its requests are narrowly tailored and time specific, occurring between the

years of 2002 and 2006. Cyfred reviews the facts underlying the alleged formation of the disputed sewer line contract and its belief that GWA's decisions to breach the contract were based upon race. It also asserts facts that it argues justify its requests. These include allegations that GWA: asserted that Cyfred bribed public officials; improperly disconnected utility services; unjustifiably and in a discriminatory fashion refused to install water meters; improperly encouraged residents to vacate the subdivision; inappropriately blamed Cyfred for a cholera outbreak; rejected Cyfred's efforts to mitigate and install another sewer line; allowed Nissan Motors the free use of is Marine Drive water tank for advertising purposes; has inappropriately received preferential rates on products purchased from Nissan; and has inappropriately refused to honor agreements made by its employees with Cyfred.

Cyfred argues its discovery requests are not designed to be burdensome or excessive but to narrow and define its claims. It contests GWA's broad discovery objection and failure to object to specific questions. In support of its discovery requests Cyfred cites to the broad scope of discovery allowed by Guam's Rule 26 of its Rules of Civil Procedure. It asserts and argues that its requests fall within the limited scope of relevancy and that it is reasonably calculable to the discovery of admissible evidence specific to its claims or the impeachment of the credibility of key witnesses or defenses. Specifically Cyfred cites to GWA's 2004 testimony at a legislative hearing for Bill 347 that it asserts was untrue and related to its claims of the discriminatory installation of water meters and asserts can be used for impeachment.

Lastly Cyfred re-asserts and argues that GWA has failed to meet the necessary standard required to show undue burden or excessiveness. In support of this argument it refers to Cyfred's lack of specificity as to which requests are objectionable, burdensome, or excessive, or evidence extraordinary expense, or attempt in good faith to answer those which are not unduely

burdensome. As to GWA's request for a protective order Cyfred argues that GWA has failed to assert any facts to support the requisite finding of good cause.

GWA filed its reply on May 3, 2007. In it GWA reasserts its argument that it is not a named party to the defamation claim and the discovery of facts related to that claim are not relevant and should not be allowed. GWA disputes the good faith nature of the basis for discriminatory motivations raised in Cyfred's opposition citing: to the tangential nature and circumstantial nature of the evidence in support of the discovery, its mischaracterization of a memorandum of understanding as a contract and its mischaracterized recitation of the facts surrounding the construction of the sewer line.

## DISCUSSION

Pursuant to the Guam Supreme Court's Promulgation Orders 06-006-1 and 06-006-2, this case and the discovery requests at issue, having been filed prior to the Court's adoption of its new rules, amended in 2007 and 2010, shall be reviewed under the rules adopted by the Court on May 3, 1990.

Rule 26 of Guam Rules of Civil Procedure governs the limitations and scope of a Party's requests for discovery. Guam R. Civ. P. 26 (1990). In part it provides, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." *Id*. at (b)(1). The broad scope of this rule is limited within the same rule as follows,

> The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain

the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

*Id.* Subpart (c) regulates the issuance of protective orders for discovery purposes. *Id.* at (c). It provides, "[f]or good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

In this case GWA asserts that Cyfred's discovery requests which total, 188 requests for admission, 224 separate interrogatories, and 418 requests for production of documents fall within the limits imposed by Rule 26(b)(1) (1990). Under the appropriate standard the Court finds this number of requests to be, on their face, unduly burdensome under the rule. Guam R. Civ. P. 26(b)(1) (1990). Moreover to require a movant to specifically list how each of the many requests for discovery is unduly burdensome would in this instance also be unfair. Guam R. Civ. P. 7(b). The Court further finds that it sufficiently supports a finding of good cause meriting a protective order from similar multitudinous requests for discovery under Guam's rules. Guam R. Civ. P. 26(c) (1990).

//

//

## CONCLUSION

Based upon the foregoing, the Court GRANTS GWA's Motion for Protective Order and Objections to Discovery. Within 30 days of the entry of this order the Parties are further required to meet and discuss a stipulated discovery schedule where the number of types of discovery that shall be allowed in this matter are identified and limited. If the Parties are unable to agree upon a stipulated schedule they shall submit their individual proposed schedules within the same time period.

SO ORDERED, this _____ day of _____ 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB - 7 2014

Edna M. Nego
Deputy Clerk, Superior Court of Guam